UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE HANEY,

        Petitioner,        Case No. 1:15-cv-1291

v.        Honorable Robert Holmes Bell

SHANE JACKSON,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The matter is before the Court on Petitioner's motion to stay the proceedings (ECF No. 3) while he completes appellate review of his second motion for relief from judgment. The Court will deny the motion to stay.

**Discussion**

    I.    Factual allegations

Petitioner Lonnie Haney presently is incarcerated at the Earnest C. Brooks Correctional Facility. Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct (CSC I) involving a person under 13 years of age, MICH. COMP. LAWS § 750.520b. On May 9, 2011, Petitioner was sentenced, as a third-offense felony offender, MICH. COMP. LAWS § 769.11, to three concurrent terms of 25 to 40 years.

Petitioner appealed his convictions to the Michigan Court of Appeals. In the brief filed by counsel, Petitioner raised two claims: (1) the trial court abused its discretion by overruling

Petitioner's repeated objections to the prosecutor's leading questions; and (2) Petitioner was denied a fair trial when a police officer testified that she knew his age because she had run a criminal history on him, thereby suggesting to the jury that Petitioner had a prior conviction. Petitioner filed a pro per supplemental brief, in which he raised a third claim: he was denied his right to the effective assistance of counsel when his attorney failed, in explaining a plea offer on the first day of trial, to advise Petitioner that he faced a 25-year minimum sentence if he was found guilty at trial. In an unpublished opinion issued on April 24, 2012, the court of appeals rejected the first two arguments, but remanded the case to the trial court for an evidentiary hearing on the ineffective-assistance-of-counsel claim under the framework set forth in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). The trial court held an evidentiary hearing on July 25, 2012, after which it found that counsel had not been effective. On October 23, 2012, the court of appeals affirmed the trial court's finding. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same three grounds. The supreme court denied leave to appeal on April 1, 2013.

Petitioner filed a motion for relief from judgment under MICH. CT. R. 6.502 on July 19, 2013. In his motion, Petitioner raised the following issues: (1) ineffective assistance of counsel in failing to investigate, failing to present a viable defense, failing to move to dismiss the void complaint and information, and failing to challenge the subject-matter jurisdiction of the district and circuit courts; (2) denial of Petitioner's right to a jury drawn from a fair cross-section of the community and ineffective assistance of counsel in failing to challenge the venire; (3) prosecutorial misconduct in suppressing exculpatory evidence at trial; (4) denial of a fair trial when the prosecution failed to inform him of his right to a polygraph examination; (5) absence of trial-court jurisdiction over the charges; and (6) denial of the effective assistance of appellate counsel. In an

opinion and order issued on December 16, 2013, the trial court rejected all grounds for relief because they were meritless. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same six issues. Both courts denied leave to appeal, on May 19, 2014 and March 31, 2015, respectively.

In September 2015, Petitioner attempted to file a "Post-Conviction Motion to Remand for Evidentiary Proceeding." The trial court rejected the motion as an improper second motion for relief from judgment, which is barred by MICH. CT. R. 6.502(G)(1). The court denied reconsideration on November 10, 2015. Petitioner has now filed an application for leave to appeal from the order denying reconsideration. *See People v. Haney*, No. 330813, http://courts.mi.gov/ opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=330813&CourtType_CaseNumber=2.

In his habeas application, filed on or about December 2, 2015,[1] Petitioner raises the nine grounds presented on direct appeal and in his first motion for relief from judgment. Petitioner also adds four new grounds for relief, taken from his state-court "Post-Conviction Motion to Remand for Evidentiary Proceeding": (10) Petitioner's Fifth and Sixth Amendment rights were violated when the police failed to honor *Miranda v. Arizona*, 384 U.S. 436 (1966); (11) Petitioner did not knowingly, intelligently or voluntarily waive his *Miranda* rights; (12) trial counsel was ineffective in failing to move to suppress Petitioner's custodial statement; and (13) the prosecutor deprived Petitioner of due process by knowingly presenting perjurious testimony. Petitioner has filed a

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 2, 2015, and it was received by the Court on December 14, 2015. Thus, it must have been handed to prison officials for mailing at some time between December 2 and 14, 2015. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

motion in this Court seeking to stay the proceedings (ECF No. 3) while he completes appellate review of the trial court's rejection of his state-court motion. In the brief supporting his motion to stay, Plaintiff asserts only that, because his new issues are meritorious, he should be entitled to raise four wholly new issues not presented either on direct appeal or in his first motion for relief from judgment.

  II.   Analysis

Petitioner has filed a motion in this Court seeking to stay the proceedings (ECF No. 3) while he completes appellate review of the trial court's rejection of his state-court motion. In the brief supporting his motion to stay, Petitioner asserts that he is required to exhaust his state-court remedies by 28 U.S.C. § 2244(b)(2) and that his new issues are meritorious. He therefore contends that the procedural correctness of his state-court post-conviction motions is irrelevant to his entitlement to a stay.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has exhausted his first nine claims. He acknowledges, however, that he has failed to complete one full round of state court review on his remaining four grounds. He seeks a stay of these proceedings in order to exhaust his remaining four claims, as required by § 2254(b)(1).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Exhaustion is only a problem, however, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.*

Under Michigan law effective August 1, 1995, a defendant may file only one motion for relief from judgment under Michigan Court Rule 6.500 *et. seq.*, unless there has either been a retroactive change in the law that occurred after the first petition or the second motion presents new evidence not discoverable at the time of the first motion. *See* MICH. CT. R. 6.502(G)(1)-(2). Petitioner already has filed his one allotted motion, and the claims he seeks to pursue do not fall within the narrow exceptions to the general rule against successive motions. Petitioner therefore has

no available remedy, as the trial court effectively held in rejecting Plaintiff's second motion for relief from judgment and in denying his motion for reconsideration.[2]  His claims therefore are considered exhausted, though procedurally defaulted.  *See Rust*, 17 F.3d at 160.

Petitioner nevertheless wishes to continue his quixotic efforts to obtain state-court review, but he is concerned about the running of his statute of limitations.  Petitioner's habeas application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on April 1, 2013.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on July 1, 2013.  Accordingly, absent tolling, Petitioner would have had one year, or until July 1, 2014, in which to file his habeas petition.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.

---

[2]Moreover, "[a] defendant may not appeal the denial or rejection of a successive motion."  MICH. CT. R. 6.502(G)(1).  Plaintiff's attempts to appeal the rejection of his motion, therefore, are themselves improperly filed.

*Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Petitioner filed his first motion for relief from judgment on July 19, 2013, just 18 days after his limitations period began to run. As a result, his statute of limitations was tolled with 347 days remaining in the limitations period, and it remained tolled until the Michigan Supreme Court denied his application for leave to appeal on March 31, 2015. Absent further tolling, therefore, Petitioner's statute of limitations will expire on Monday, March 14, 2016.

Petitioner suggests but does not affirmative argue that his "Post-Conviction Motion to Remand for Evidentiary Proceeding," which was construed by the state courts as a successive motion for relief from judgment, should toll his limitations period yet again. In order to toll the statute of limitations, any application for post-conviction relief must be "properly filed." 28 U.S.C. § 2244(d)(2). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Petitioner's second motion for relief from judgment could not serve to toll the limitations period because it was not a "properly filed" application for State post-conviction review within the meaning of 28 U.S.C. § 2244(d)(2). As discussed above, Petitioner was prohibited from filing a second motion for relief from judgment pursuant to MICH. CT. R. 6.502(G)(1). Because Petitioner's second motion was filed in violation of state procedural rules, it may not serve to toll the limitations period. *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and *Artuz*, 431 U.S. at 10-11); *see also Rodriguez v.*

*McQuidgen*, No. 08-cv-13263, 2009 WL 2742004, at *3 (E.D. Mich. Aug. 25, 2009) ("Because Petitioner's second unauthorized post-conviction motion was not 'properly filed' under Michigan law, it was not 'properly filed' for purposes of § 2244(d)(2).").

Implicitly acknowledging that his second motion for relief from judgment that was filed in September 2015 will not toll the statute of limitations because it is not properly filed, Petitioner argues that the Court should grant a stay of these proceedings, in order to permit him to complete appellate review. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved the stay-and-abeyance procedure, but it limited the circumstances under which a stay would be appropriate. The Court held that such a stay should only be granted if (1) there is good cause for Petitioner's failure to exhaust the unexhausted claims, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that Petitioner has engaged in abusive or dilatory litigation tactics. *Id.* at 277-78.

Petitioner has made no attempt to meet the *Rhines* standard. While Petitioner has actively litigated his many claims about the impropriety of his conviction and sentence, arguably demonstrating his diligence, he fails to demonstrate cause for his failure to raise the additional claims on direct appeal or in his first motion for relief from judgment. He therefore has not demonstrated good cause for his failure to exhaust. *Rhines*, 544 U.S. at 277-78. As a consequence, Petitioner fails to demonstrate entitlement to a stay of these proceedings.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff's motion to stay the proceedings during his remaining attempts to seek state-court review of his newly added claims.

An order consistent with this Opinion will be entered.

Dated: January 21, 2016                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE