UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LONNIE HANEY, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:15-cv-1291 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| SHANE JACKSON, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING § 2254 HABEAS PETITION

In 2011, a jury in Kalamazoo County, Michigan, convicted Petitioner Lonnie Haney of three counts of first-degree sexual assault. Haney filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge has reviewed the petition and issued a report recommending the petition be denied. (ECF No. 29.) Haney filed objections. (ECF No. 33.)

### I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Here, Haney was granted additional time and his objections are timely.

II.

The magistrate judge identified and summarized thirteen claims raised in Haney's petition. The magistrate judge analyzes each claim by summarizing it, setting forth the relevant law, and applying the facts to the law. For each claim, the magistrate judge concludes that Haney has not demonstrated a reason to set aside the conviction.

In his objection, Haney addresses only two of his claims: (1) claim 3 concerning a plea offer and (2) claim 7 concerning exculpatory evidence. The Court has reviewed these two claims de novo.

A. Claim 3 – Plea Offer

The magistrate judge concluded that the Michigan Court of Appeals applied the correct standard and that the state trial court's factual determinations were not unreasonable. In his objection, Haney argues that, as established in the record, the amount of time during which the plea was communicated and explained was sufficiently short that the state trial court's relevant factual determinations could not be reasonable. Haney reiterates and relies on the arguments previously made by counsel.

Haney's objection is OVERRULED. First, the cases which Haney cites in his objection are easily distinguishable. The defendant in *Gonzalez v. Phillips*, 195 F. Supp. 2d 893 (E.D. Mich. 2001) spoke limited English. The court concluded trial counsel was ineffective for failing to request an interpreter, which resulted in a lack of a meaningful attorney-client relationship and also violated the defendant's due process rights. In contrast, Haney's primary language is English and his alleged confusion did not implicate either his attorney-client relationship or implicate his due process rights. In *Drope v. Missouri*, 420

U.S. 162, 171 (1975), the Supreme Court noted that the law has "long accepted" that a person who lacks the capacity to understand the nature and object of the proceedings against him, who cannot meaningfully consult with counsel, and who cannot assist in the preparation of his defense may not be subjected to trial. But, Haney has not alleged that his mental condition meets this standard.

Second, the Court has conducted a de novo review of the manner in which the Michigan Court of Appeals resolved this claim. The magistrate judge accurately identified the facts in the record and correctly summarized the relevant law. Haney's objection arises from the manner in which state courts applied the facts to the law. As did the magistrate judge, this Court finds that the Michigan Court of Appeals identified and relied on the correct standard and that the state trial court's resolution of the issue was entirely reasonable.

B. Exculpatory Evidence

The magistrate judge concluded that Haney failed to identify the exculpatory evidence that was allegedly withheld. In his objection, Haney explicitly identifies the recording of his alleged confession. Haney contends he never confessed and, if the recording or a transcript would have been disclosed, the interrogating officer's testimony at trial would be exposed as a lie.

Haney's objection is OVERRULED. Haney raised the exculpatory evidence argument in his first 6.500 motion for relief from judgment. (ECF No. 17-9 Br. filed 7-23-2013 at 12-15 PageID.1047-50.) The brief contains an ambiguous assertion that the attorneys for the prosecution and defense were aware that no video or audio evidence existed to prove that Haney confessed. (*Id.* PageID.1048.) In an "addendum," below the signature

line on the last page of the brief, Haney asserts that the "real importance" of the video is that it would show that he did not confess. The state court judge denied this portion of the motion because Haney failed to identify the allegedly exculpatory evidence. (ECF No. 17-13 Order dated 12-16-2013 at 6-7 PageID.1114-15.)

Haney raised the suppressed exculpatory evidence in his brief to the Michigan Court of Appeals after his 6.500 motion was denied. (ECF No. 17-14 Br. dated March 20, 2014 ate 14-17 PageID.1146-49.) Haney argued that the trial court erred because the judge should have reviewed the record, determined that Haney had requested copies of the recording in 2013, and connected the discovery request with the allegation in the 6.500 motion. The state court of appeals denied leave to file an appeal.

To this Court, Haney neglected to identify the allegedly exculpatory evidence. Haney did not specifically identify any exculpatory evidence in his initial brief (ECF No. 1-1 PageID.22) or in his reply (ECF No. 22 PageID.1375-76). When afforded the opportunity, Haney failed to specifically identify the exculpatory evidence and failed to sustain his burden of proving that the evidence would have made a difference at trial.

The Court notes there is sufficient evidence in the record to conclude that the recordings were not exculpatory. Haney filed a motion for discovery seeking the recordings (ECF No. 24), which was denied (ECF No. 28). As part of his motion, Haney attached a page from the *Ginther* hearing. Haney's trial counsel testified at the *Ginther* hearing that he listened to the recordings, which show that Haney "came close - - as close as you can possibly come to admitting that you may have, might have, could have touched [the victim] in a way that, if believed, would find you guilty of the charges." (ECF No. 17-6 Hrg. Trans. at 54-55

PageID.872-73.) This testimony shows that the recordings were not suppressed, that trial counsel listened to the recordings, and that trial counsel made a strategic decision not to use the recordings to impeach the interrogator.

III.

Accordingly, the Report and Recommendation (ECF No. 29) is **ADOPTED** as the opinion of this Court. Haney's § 2254 petition for habeas relief is **DENIED.** The Court has separately reviewed the claims to determine if a certificate of appealability should issue. For all but claims 3 and 7, Haney's failure to objection undermines any basis for an appeal, so a certificate will not issue for those claims. Reasonable jurists would not disagree with the manner in which Claims 3 and 7 were resolved in these proceedings. Therefore, a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: July 2, 2018               /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge